**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ANDREW GOMEZ,

      Plaintiff,

v.                                                                         Case No. 07-CV-11728

ALLIED INTERSTATE, INC.,

      Defendant.
                                                       /

**OPINION AND ORDER AWARDING
ATTORNEYS' FEES AND COSTS TO PLAINTIFF**

In the court's July 31, 2007 "Order of Dismissal," the court provided that, "should the parties be unable to reach an agreement concerning attorneys' fees and costs, Plaintiff shall file a fee petition . . . detailing his claim for reasonable attorneys' fees and costs." (7/31/07 Order.) The parties could not reach an agreement on fees and costs, and on August 14, 2007, Plaintiff filed his "Petition for Costs and Fees," which is currently before the court. The matter has been fully briefed. For the reasons stated below, the court will award Plaintiff $1,596.35 in reasonable attorneys' fees and costs.

**I. BACKGROUND**

On April 19, 2007, Plaintiff Andrew Gomez filed suit against Defendant Allied Interstate, Inc., alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Michigan Collection Practices Act ("MCPA"), Mich. Comp. Laws § 445.251 and the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.915. (*See generally* Pl.'s Compl.) The complaint arises from Defendant's alleged harassing phone calls to Plaintiff in connection with a debt collection. (*Id.*)

On July 16, 2007, after Defendant filed an answer and the parties attended a scheduling conference, Defendant submitted an "Offer of Judgment" pursuant to Federal Rule of Civil Procedure 68.[1]  (*See* 7/16/07 Offer.)  The offer provided:

> Pursuant to Fed. R. Civ. Pro. 68, Allied Interstate, Inc., hereby tenders an offer to allow judgment to be taken against it in the amount of $1,151.00, plus reasonable attorney's fees and costs incurred to date.

(*Id.*)  Plaintiff submitted a conditional acceptance, conditioned upon Defendant agreeing to award Plaintiff $2,500 in attorneys' fees and costs.  (7/26/07 Conditional Acceptance.)

The court held a telephone conference on July 31, 2007, during which the parties

---

[1]Federal Rule of Civil Procedure 68 provides:

At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 10 days prior to the commencement of hearings to determine the amount or extent of liability.

The court notes that this rule will be amended, effective December 1, 2007, absent contrary Congressional action.  (*See* Proposed Amendment of Rule 68.)  The amendment reflects minor changes that would not affect the resolution of the court's fees and costs analysis.

agreed to settle the case for the terms outlined in Defendant's offer. Namely, Defendant agreed to allow judgment to be entered against it in the amount of $1,150.00. The parties could not, however, reach an agreement concerning attorneys' fees and costs. Defense counsel expressed her belief that Plaintiff's fees and costs figure was excessive. That same day, the court entered an order allowing judgment to be taken against Defendant in the amount of $1,151.00, directing Plaintiff to file a fee petition and dismissing the case. (7/31/07 Order.)

Plaintiff filed a fee petition on August 14, 2007, seeking $4,161.35 in attorneys' fees and costs, comprised of 9.9 working hours at an hourly rate of $350.00, and $696.35 in costs. (Pl.'s Fee Pet. at 8.) Defendant filed its response on August 28, 2007, opposing Plaintiff's figure as unreasonable and excessive. (*See generally* Def.'s Resp.) Although Plaintiff filed a reply, it was filed in direct violation of the court's July 31, 2007 order, which provided, "[s]hould Plaintiff wish to file a reply, he must contact the court on or before August 29, 2007, and provide a justification as to why a reply is necessary." (7/31/07 Order at 1.) Plaintiff filed a reply, yet did not contact the court on or before August 29, 2007 (or at all, for that matter) to provide it with a justification as to why a reply is necessary. Plaintiff's failure to adhere to an express directive provided in a court order is not only troubling, but warrants the striking of the reply brief from the court's docket.[2]

## II. STANDARD

---

[2]Plaintiff's reply seeks an additional hour of attorney time to compensate counsel for the time spent drafting the reply. (Pl.'s Rep. at 2.) The court will not consider compensating Plaintiff for that extra hour, as the reply is stricken.

The "lodestar" approach is considered to be the proper method for determining the amount of reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metro. Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id*. Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Id*. at 430 n.3.

### III. DISCUSSION

#### A. Reasonable Hourly Rate

A reasonable hourly billing rate is generally calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 46 U.S. 886, 897 (1984). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."

4

*Id.* at 896 n.11. An attorneys' fee must be "adequate to attract competent counsel, but . . . not produce windfalls to attorneys." *Id.* (internal quotations and citations omitted).

Plaintiff's counsel, Brian Parker, contends that an hourly rate of $350.00 is reasonable because he has practiced in the area of consumer law for fourteen years and is regarded as an expert in the area, having handled thousands of consumer claims and having lectured throughout the country on consumer law issues. (Parker Aff. at 1-2.) Defendant counters that the fee is excessive given the simplicity of the case, the little work counsel put into the case, the nominal recovery by Plaintiff, and the typical fee in debt collection cases is considerably less than $350 per hour. (*See generally* Def.'s Resp.)

Parker has his law office in Bingham Farms, Michigan and appears to be a solo practitioner. The court will therefore consider Southeast Michigan as the relevant community for purposes of fee calculation.

District courts have relied on the State Bar of Michigan 2003 Economics of Law Practice survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice. *See Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 Fed. App'x. 498, 501-02 (6th Cir. 2006). The 2003 State Bar of Michigan survey demonstrates that, during 2003, the average billing rate for all attorneys was $177 per hour. For attorneys in large firms (over 100 attorneys), the rate was $251 per hour, $210 for equity partners, $238 for attorneys whose office was located in downtown Detroit, and $186 for attorneys whose office was located elsewhere in Southeast Michigan. Even taking into account the rate increase from 2003 to 2007, a number of courts have found that $200 per hour constitutes a fair average billing rate for fee award

5

purposes in several types of litigation. See *Auto Alliance Int'l v. U.S. Customs Serv.*, 155 Fed. App'x. 226, 228 (6th Cir. 2005); *Lamar*, 178 Fed. App'x. at 501-02; *Darbyshire v. Garrison*, No. 04-CV-72272, 2006 WL 581032, at *3 (E.D. Mich. Mar. 8, 2006).

The court finds that $350 per hour exceeds the amount necessary to compensate reasonably competent counsel in a debt collection case in this market. The case at hand was not complex. Further, it was resolved within approximately three months of Plaintiff filing suit. Plaintiff's fee petition does not evidence a significant amount of time or labor invested in this case or that the case is in any way unique, requiring extra time or attention. To the contrary, Plaintiff's complaint strikes the court as rather boilerplate, a notion further reinforced by Plaintiff's own announcement that he has "filed over 250 cases in the last year alone under the FDCPA." (Parker's Aff. at ¶ 24.) While Parker cites generally to his background and expertise in matters of consumer law, he does not present sufficient evidence to meet his burden of proving that $350 is a reasonable rate in light of the time and labor put into the case, the complexity of the case, Plaintiff's rather modest recovery and the customary rate for this type of case. In light of all the facts and circumstances, the court finds that $200 per hour is a reasonable rate.

### B. Number of Hours Reasonably Expended

Plaintiff seeks compensation for a total of 9.9 hours of attorney time, 3.9 of which is for work completed subsequent to the parties agreeing to a settlement and the court entering an order of dismissal. (Pl's. Pet. at 8.)

The court is not persuaded that Plaintiff is entitled to compensation for fees and costs accrued after the settlement. Federal Rule of Civil Procedure 68 provides that the

6

party accepting the offer is entitled to "costs then accrued." Defendant's July 16, 2007 offer was made pursuant to Rule 68 and expressly provided that Defendant would pay Plaintiff's "reasonable attorneys' fees and costs *incurred to date*." (7/16/07 Offer) (emphasis added). At the July 31, 2007 telephone conference, which was held to discuss Defendant's offer, the parties agreed that the court would enter a judgment against Defendant in the amount of $1,151, pursuant to Defendant's offer, and dismiss the case. (*Id.*) An order was entered that day outlining the terms of the settlement and directing Plaintiff to file a fee petition, in the event that the parties could not agree on the fees and costs issue. (*Id.*) That the amount of attorneys' fees and costs remained unresolved at the time of the parties' settlement does not change the fact that Plaintiff is not entitled to attorneys' fees or costs accrued after he accepted Defendant's offer. Consequently, Plaintiff may not recover the 3.9 hours of work that accrued after Plaintiff accepted Defendant's offer and an order dismissing the case was entered.

Regarding the six hours of attorney time that Parker logged prior to accepting Defendant's offer, the time includes Parker drafting the complaint, reviewing Defendant's answer, communicating with his client, the court and opposing counsel, reviewing Defendant's offer and drafting a response. (*See generally* Pl's. Pet.) The court finds that the six hours were reasonably expended. Accordingly, the court awards Plaintiff his attorneys' fees for six hours, at a rate of $200 per hour, for a total award of $1,200.

### C. Associated Costs

Parker claims $696.35 in costs, comprised of a $350 filing fee, $300 for a stand-in attorney to cover the scheduling conference (two hours of attorney time at an hourly

rate of $150), $30 for a process server, $11.35 to cover copy, fax and mailing costs and $5.00 for parking. (Pl.'s Fee Petition at 8.) The court finds all costs, except those regarding the stand-in attorney, reasonable.

The court's "Notice of Scheduling Conference" expressly indicated that "trial counsel must attend" the scheduling conference. (5/31/07 Notice of Sched. Conf. at 1.) In violation of the court's order, Parker did not attend the conference and instead sent a stand-in to take his place. Further, Parker never notified the court in advance that he would not be attending the conference, the stand-in attorney never filed an appearance and the stand-in did not have a strong grasp of the facts of the case, rendering him unable to meaningfully participate in the conference. Accordingly, the court finds that a reimbursement of costs for the stand-in attorney is unwarranted. Plaintiff is awarded the filing fee, process server fee, parking fee and the copy, fax and mailing costs fee, for a total costs award of $396.35.

## IV.  CONCLUSION

IT IS ORDERED that Defendant pay Plaintiff $1,596.35 in reasonable attorneys' fees and costs. Payment is to be tendered no later than **September 26, 2007**.

IT IS FURTHER ORDERED that "Plaintiff's Reply in Response to Defendant's Brief" [Dkt. # 14] is STRICKEN.

                                              s/Robert H. Cleland  
                                              ROBERT H. CLELAND  
                                              UNITED STATES DISTRICT JUDGE

Dated:  September 13, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 13, 2007, by electronic and/or ordinary mail.

                                        s/Lisa G. Wagner
                                        Case Manager and Deputy Clerk
                                        (313) 234-5522